**Juan Carlos GARCIA BENITEZ; Norma Angelica Cortes, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–74146.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2008.*

Filed March 13, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Juan Carlos Garcia Benitez, Palm Springs, CA, pro se.

Norma Angelica Cortes, Palm Springs, CA, pro se.

** The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ari Nazarov, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON and WARDLAW, Circuit Judges, and LEIGHTON **, District Judge.

## MEMORANDUM ***

Pro se Petitioner Juan Carlos Garcia Benitez ("Garcia Benitez") and his wife, Norma Angelica Cortes ("Cortes"), are natives and citizens of Mexico who seek review of the Board of Immigration Appeals' order affirming, without opinion, an Immigration Judge's ("IJ") decision denying their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the agency's continuous physical presence determinations for substantial evidence. *See Ibarra–Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir.2006). We grant Garcia Benitez's petition for review, and remand. We grant in part, deny in part, and remand Cortes's petition for review.

Petitioners' initial argument that the Board's summary decision violated its own regulations is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 848–53 (9th Cir.2003) (as amended). We turn to the merits of their claims.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ With respect to Garcia Benitez, an intervening change in the law requires us to remand on the issue of continuous physical presence. In *Ibarra–Flores*, 439 F.3d at 619, we held that administrative voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of the terms of the departure and knowingly and voluntarily accepts the terms of departure. *See also Tapia v. Gonzales,* 430 F.3d 997, 1004 (9th Cir.2005). The record is unclear as to whether Garcia Benitez was informed of the terms of his departure or whether he accepted those terms voluntarily or knowingly. Moreover, the agency did not have the benefit of our decisions in *Ibarra–Flores* and *Tapia* at the time it addressed this issue.

■ The record is also unclear as to whether Cortes was informed of the terms of her departure or whether she accepted them voluntarily or knowingly. The IJ, however, alternatively denied her petition because she testified that she left the United States for fourteen months during the ten-year statutory period. To establish continuous presence, an alien must demonstrate that she did not depart from the United States during the ten-year statutory period "for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days." 8 U.S.C. § 1229b(d)(2). Accordingly, the IJ did not err in denying her petition on this ground.

■ The Board, however, *did* err in reducing her voluntary departure period from 60 days to 30 days. *See Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir.2006) (holding that "because the [Board of Immigration Appeals] issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period."). We remand for reinstatement of the IJ's 60–day voluntary departure period.

In conclusion, we **GRANT** Garcia Benitez's petition for review and **REMAND** for further proceedings consistent with *Ibarra–Flores* and *Tapia*. We **GRANT in part, DENY in part, and REMAND** Cortes's petition for review for reinstatement of the 60–day voluntary departure period.

PREGERSON, Circuit Judge, concurring in part and dissenting in part:

I concur with respect to Garcia Benitez. I dissent, however, with respect to Cortes. Garcia Benitez and Cortes have a six year-old daughter, Carla Joanna Garcia, who is a United States citizen. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process by forcing children either to suffer de facto expulsion from the country of their birth or forego their constitutionally-protected right to remain in this country with their family intact. *See, e.g., Moore v. City of East Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the 14th Amendment").

Furthermore, as a nation we should recognize that many who came here illegally and many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.

As I have said before, "I pray that soon the good men and women in our Congress

will ameliorate the plight of families like the [petitioner's] and give us humane laws that will not cause the disintegration of such families." *Cabrera–Alvarez v. Gonzales,* 423 F.3d 1006, 1015 (9th Cir.2005).